Harris S. Freier, Esq.
David J. Franzmathes, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Tel: (973) 656.1600
Fax: (973) 656.1611
harris.freier@ogletree.com
david.franzmathes@ogletree.com
*Attorneys for Defendants American Express National Bank and American Express Travel Related Services Company, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD CECIL WASHINGTON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,<br><br>Defendants. | Hon. Claire C. Cecchi, U.S.D.J.<br>Civil Action No.: 2:26-cv-07546<br><br>*Civil Action*<br><br>**DECLARATION OF JILL BOSCH IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>***Document Filed Electronically*** |

I, Jill Bosch, of full age, hereby declare as follows:

1. I am employed by American Express Travel Related Services Company, Inc. as Director – Colleague & Labor Relations. I have personal knowledge of the facts set forth in this Declaration, including through my review of business records maintained by American Express in the regular course of its business, and if called as a witness I could and would testify competently to them.

2. American Express National Bank and American Express Travel Related Services Company, Inc. are each subsidiaries of American Express Company.

3. In my position, I have access to, and am familiar with, the manner in which American Express creates and maintains employee personnel records, including the Electronic Personnel File ("EPF") maintained for each U.S. employee, and the American Express Employment Arbitration Policy (the "Policy").

4. Plaintiff Edward Cecil Washington, Jr. (Employee No. 6370752) was hired by American Express on July 21, 2014.

5. Plaintiff's employing legal entity at the time of his separation was American Express Travel Related Services Company, Inc.

6. Plaintiff's employment ended on April 22, 2024.

7. At all relevant times herein, American Express required newly hired U.S. employees to review the Policy and sign an Employment Arbitration Policy Acknowledgement Form as part of the new-hire process.

8. A true and correct copy of the Policy is attached hereto as **Exhibit A**.

9. A true and correct copy of the American Express New Hire Employment Arbitration Policy Acknowledgement Form signed by Plaintiff and dated July 21, 2014, together with the EPF cover sheet and transmittal records reflecting its receipt into Plaintiff's EPF on or about July 28, 2014, is attached hereto as **Exhibit B**.

10. The Acknowledgement Form identifies Plaintiff's name, employee number (6370752), date of hire (July 21, 2014), and work location ("TRS").

11. At the time of Plaintiff's separation, American Express had in place a revised Arbitration Policy (the "Revised Arbitration Policy"), which became effective in 2023. The Revised Arbitration Policy is substantively equivalent to the Policy as it relates to Plaintiff's waiver of a jury trial and agreement to submit to arbitration. A true and accurate copy of the Revised Arbitration Policy is attached hereto as **Exhibit C**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed by:

Jill Bosch

A8F4686618184FE...

Jill Bosch

Dated: November 10, 2026

# EXHIBIT A

# Arbitration Policy

*Date of Last Review August 2007*
*Owner: Employment Law Group*

I. Introduction
II. Scope
III. Commencing Arbitration: Getting Started
IV. Arbitration Procedure and Rules
V. Arbitration Awards
VI. Arbitration Fees and Expenses
VII. Amendment or Termination of Arbitration Policy
VIII. Choice of Law and Severability

**I. Introduction**

American Express Company and its subsidiaries (collectively, "American Express" or the "Company") value strong and positive relationships with all employees. We understand, however, that employment-related disagreements will arise from time to time.

While the Company cannot eliminate entirely these types of disagreements, we can provide a process for resolving them quickly and fairly. Accordingly, we have adopted this Employment Arbitration Policy (the "Policy") to supplement our existing internal dispute resolution processes. Under this Policy, employment-related disputes that are not successfully resolved using the Company's internal resources must be submitted to binding arbitration in accordance with the following terms and conditions. Binding arbitration is a benefit to all involved because it generally enables a faster and less costly resolution than courtroom litigation.

This Policy is not an employment agreement and does not alter the voluntary (at will) nature of your employment relationship with the Company. In addition, this Policy does not supersede the actual provisions of any employee benefit plan documents, which are in all cases the final authority with respect to the subject matter described in those plans and which may be amended, changed or terminated at any time without prior notice to, or consent by, participants. This Policy does, however, set forth rules and procedures for arbitration that apply with full force and effect to both you and American Express.

Back To Top

**II. Scope**

The agreement between each individual and American Express to be bound by the Policy creates a contract requiring both parties to resolve all employment-related disputes that are based on a legal claim through final and binding arbitration. Arbitration is the exclusive forum for the resolution of such disputes, and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under the Policy. A dispute otherwise covered by the Policy can proceed in a court of law only if both parties mutually agree. However, if either

party seeks to arbitrate a dispute covered by the Policy, that dispute must be submitted to arbitration pursuant to this Policy.

**A. Covered Parties And Effective Date**

The obligation to arbitrate under this Policy extends to all individuals who applied for a U.S. position with the Company on or after June 1, 2003 and to all U.S. employees hired on or after June 1, 2003 who signed an Employment Arbitration Policy Acknowledgement Form ("Acknowledgment Form").

In addition, this Policy covers all U.S. employees who have not signed an Acknowledgment Form unless they excluded themselves by returning a properly completed Arbitration Opt-Out Form to the Company postmarked within the prescribed 45 day time period. Employees who elect not to opt-out are covered by the Policy with respect to claims filed (regardless of when they occurred) after the expiration of the 45 day opt-out period.

For those individuals covered by the Policy, the obligation to arbitrate pursuant to the Policy exists both during employment and after their employment with the Company ends.

The obligation to arbitrate under this Policy also extends to the Company and to certain American Express employee benefit plans (including retirement, health and/or welfare plans or arrangements) fiduciaries ("American Express Employee Benefit Plan Fiduciary").

**B. Covered Claims**

Except as expressly excluded in Section II(C) below, disputes subject to arbitration under this Policy include: i) all legal claims that an individual has or in the future may have against the Company or its officers, directors, shareholders, employees and/or agents and which arise out of or relate to an individual's application for employment, employment with the Company or separation from the Company; and ii) claims that the Company now has or in the future may have against an individual that arise out of his/her employment or termination. "Covered Claims" include, but are not limited to:

1. discrimination or harassment on the basis of race, gender, religion, national origin, age, disability or any other characteristic protected by federal, state or local law;
2. failure to pay wages, bonuses or other compensation;
3. tortious acts, including, but not limited to, defamation, negligent hiring or supervision, intentional or negligent infliction of emotional distress, wrongful arrest, malicious prosecution, wrongful imprisonment, breach of privacy, tortious interference, and fraudulent inducement;
4. wrongful, retaliatory and/or constructive discharge;
5. breach of an express or implied contract, breach of a covenant of good faith and fair dealing, promissory estoppel, unjust enrichment;
6. disputes for benefits or claims for damages or other remedies under certain Company employee benefit plans (including retirement, health and/or welfare

plans or arrangements) after exhausting administrative remedies under the terms of such plans,

7. claims for alleged violations of any other common law, federal, state or local statute, ordinance, regulation or public policy, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, including the amendments of the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, and the Employee Retirement Income Security Act of 1974; and
8. claims brought by individuals who applied for a U.S. position on or after June 1, 2003 and were denied such position.

This Policy covers any Covered Claim that is brought on or after the applicable effective date, as set forth in Section II.A, even if the alleged act or omission occurred prior to the applicable effective date.

**C. Claims Not Covered**

Claims not subject to arbitration under this Policy are as follows:

1. any criminal complaint or proceeding;
2. any claim covered by state unemployment insurance, disability and/or workers' compensation benefit laws, except that claims for retaliation pursuant to these laws shall be subject to arbitration under this Policy;
3. any action for emergency or temporary injunctive relief in a court of law in accordance with applicable law, so long as that action is brought on an individual basis and not on a consolidated basis or on behalf of or as part of a collective or class action (a class action involves an arbitration or lawsuit where representative members of a group who claim to share a common interest seek relief on behalf of the group);*

   * However, after the court issues a ruling concerning the emergency or temporary injunctive relief, the parties must submit the Covered Claim to arbitration pursuant to this Policy.
4. any claim under the National Labor Relations Act;
5. any dispute that fails to state a claim upon which relief may be granted under applicable law. An arbitrator or a court of law with jurisdiction shall dismiss without a hearing on the merits, any matter that does not state a claim under applicable federal, state or local law; and
6. in the case of employees who have not signed an Acknowledgement Form, any claim that has been asserted in a litigation that is pending in court prior to the expiration of the 45 day opt-out period as set forth in Section II.A. of this Policy.

**D. Individual Claims Only**

(1) All claims subject to arbitration under this Policy **MUST** be submitted on an individual basis. **THERE SHALL BE NO RIGHT OR AUTHORITY FOR ANY CLAIMS TO BE ARBITRATED ON A CLASS OR COLLECTIVE BASIS.** Claims may not be joined or consolidated in arbitration with disputes brought by or against another individual, the Company or certain Company employee benefit plans, unless agreed to in writing by all parties. No party subject to this Policy shall have any right to participate in a representative capacity or as a member of any class of claimants in a court of law pertaining to any claims subject to arbitration.

The arbitrator's authority to resolve disputes is limited to disputes between: a) an individual and American Express or an American Express employee benefit plan (including retirement, health and/or welfare plans or arrangements) alone; or b) the individual and an another individual covered by this Policy alone and the arbitrator's authority to make awards is limited to awards to those parties alone. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Notwithstanding any other provision in this Policy (including, but not limited, to Section IX "Choice of Law and Severability"), and without waiving either party's right to appeal such decision, should any portion of this Section II.D(1) "Individual Claims Only" be deemed invalid, void or unenforceable, then the entire Policy (other than this sentence) shall be unenforceable and not apply.

(2) Notwithstanding II(D)(1), the Policy does not operate to preclude membership in any class action lawsuit against the Company that was pending in a court of law prior to the expiration of the 45 day opt-out period (in the case of employees who have not signed an Acknowledgement Form as set forth in Section II.A. of this Policy.

**E. Administrative Agencies and Exhaustion of Remedies**

Nothing in this Policy relieves an individual or American Express from any obligation they may have to exhaust certain administrative remedies, which may be required under applicable law or pursuant to an American Express employee benefit plan document, before arbitrating any claims or disputes under this Policy. For example, a party may not initiate the arbitration process unless it has exhausted all required administrative remedies, such as obtaining a right to sue notice from the Equal Employment Opportunity Commission (EEOC) in order to arbitrate federal discrimination claims that require such a notice. In addition, under certain Company employee benefit plans (including retirement, health and/or welfare plans or arrangements), a party must, prior to initiating an arbitration proceeding, follow all claims and appeals procedures set forth in the applicable plan document.

This Policy does not preclude an individual from filing a claim or charge with a governmental administrative agency with independent statutory authority to pursue enforcement action, such as

the National Labor Relations Board and the Equal Employment Opportunity Commission, or from filing a workers' compensation, state or federal disability insurance, or unemployment compensation claim in a statutorily-specified forum.

Back To Top

**III. Commencing Arbitration: Getting Started**

The following rules and procedures are modeled on the Arbitration Rules and Mediation Procedures of the American Arbitration Association ("AAA Rules"), which American Express has tailored to maximize benefits to employees. For example, while the AAA Rules generally require that parties split arbitration costs, under this Policy, most of these expenses will be borne by American Express. The AAA Rules shall govern issues not explicitly addressed by this Policy. Where there is a conflict, this Policy shall govern.

**A. Initiation of Arbitration**

In order to arbitrate a Covered Claim, you must first file with the Employment Law Group, American Express General Counsel's Office, 200 Vesey Street, New York, NY 10285-4910, the following materials:

- A completed and signed Demand for Arbitration, and

- A filing fee of $125 or the filing fee required by the state or federal court in which your Covered Claim could have been brought, whichever is less, by check or money order payable to "American Express."

Any Demand received by the Company which is not accompanied by the required filing fee and proof of exhaustion of administrative remedies, as applicable, will not be accepted and will be returned to you.

Within 20 business days of receiving the Demand, American Express will file the Demand with the appropriate office of the AAA, together with the applicable administrative fee as provided in the AAA's fee schedule. American Express will pay 100% of the required AAA filing fee in excess of your share of the filing fee.

If American Express and/or an American Express Employee Benefit Plan Fiduciary initiates arbitration, it will mail its Demand to you at your last known address and thereafter file the Demand with the AAA as set forth above. When American Express or an American Express Employee Benefit Plan Fiduciary initiates arbitration, the Company pays 100% of the initial AAA filing fee.

**B. Time Limitations**

The Demand must be received within the time period allowed pursuant to the statute, regulation,

or other law applicable to the alleged act or omission giving rise to the dispute.

**C. Arbitrator Selection**

Once the AAA receives the Demand, it will issue a list of neutral arbitrators who have been pre-screened by the AAA for potential conflicts of interest. Both the individual and the Company (or the American Express Employee Benefit Plan Fiduciary) will then participate in the process for selecting a mutually-acceptable arbitrator.

The AAA shall appoint one neutral arbitrator from its Panel of Arbitrators, unless American Express (or the American Express Employee Benefit Plan Fiduciary) and the individual mutually agree that a panel of three (3) arbitrators be appointed. In the event a panel of arbitrators is appointed, all decisions of the panel must be by a majority and the use of the word "arbitrator" in these Rules shall refer to the panel. The arbitrator shall be appointed in the following manner:

(i) As soon as practicable, the AAA shall submit to each party an identical list of proposed arbitrators.

(ii) Each party will have ten (10) business days from the mailing date of the list to; a) cross off names of arbitrators to which the party objects, b) number the remaining names in order of preference, and c) return the list to the AAA. Each party may strike up to three names without cause.

(iii) If the party does not return the list within the time specified, all persons on the list shall be deemed acceptable.

(iv) The AAA shall appoint arbitrators remaining on the list in the order of preference, to the extent the order of preference of the parties can be reconciled by the AAA.

In the event the parties fail to agree on any of the persons named, or if an acceptable arbitrator is unwilling to act, the AAA may issue additional lists or, at its option, make the appointment from among other members of its panel of arbitrators without submitting additional lists.

If this process fails to produce an agreement on an arbitrator, or if an acceptable arbitrator is unwilling to accept the engagement, the AAA may issue additional lists or, at its option, make the appointment from among other members of its panel of arbitrators without submitting additional lists.

Back To Top

**IV. Arbitration Procedure and Rules**

**A. Preliminary Conference**

Once an arbitrator is appointed, a preliminary conference may be held at the initiation of the AAA or upon request of either party. At this conference, the arbitrator, with input from the parties, may narrow the issues, establish a discovery schedule, determine whether dispositive

motions exist, and arrange for the earliest and most efficient hearing of the dispute. At the arbitrator's discretion, or if you and the Company agree, this conference may be conducted by telephone or by written submission.

**B. Representation**

You may represent yourself or be represented by an attorney of your choosing. The Company will almost always be represented by an attorney. Your participation in the arbitration process is voluntary and considered non-working time for pay or overtime pay purposes for you. Both parties must inform the other, as well as the AAA, of the name, address and telephone number of their authorized representatives at least three (3) days prior to the date set for the hearing.

**C. Date, Time and Place of Hearing**

The arbitrator will set the date, time and place of the hearing. Written notice of the hearing must be received by the parties from the AAA or arbitrator at least ten (10) days in advance of the hearing, unless the parties agree otherwise.
The arbitrator, for good cause shown, may postpone any hearing upon the request of a party or upon the arbitrator's own initiative, and shall also grant such postponement when all of the parties agree to a postponement.

**D. Confidentiality**

All proceedings under this Policy are private and confidential, unless applicable law provides to the contrary. All parties shall maintain the privacy and confidentiality of the arbitration hearing unless applicable law provides to the contrary. The arbitrator shall have the authority to make appropriate rulings to safeguard that confidentiality.

**E. Motions**

The arbitrator may grant a motion to compel discovery, a motion to dismiss and/or a motion for summary judgment. In ruling on any such motion, the arbitrator will apply the standards governing such motions under the Federal Rules of Civil Procedure. Upon the request of either party, the arbitrator will establish a briefing schedule and, if necessary, schedule an opportunity for oral argument prior to considering such dispositive motions.

**F. Consolidation**

The Arbitrator shall have the authority to hear as many Covered Claims as the parties may have against one another. Additional claims not contained in the Demand may be asserted provided: (i) the party seeking to add such claims notifies the other party at least 30 calendar days prior to the scheduled arbitration hearing; (ii) the additional claims are timely as of the date on which they are added, and (iii) the other party is not unduly prejudiced in its defense by such addition.

The arbitrator may not consolidate claims of different applicants, employees or former employees into one proceeding nor shall the arbitrator have the power to hear an arbitration as a

class action (a class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek relief on behalf of the group).

**G. Discovery Rules**

1. Interrogatories

Each party shall be entitled to propound and serve upon the other party interrogatories in a form consistent with Rule 33 of the Federal Rules of Civil Procedure and which shall be limited in number to 25 (including subparts, which shall be counted separately). Parties reserve the right to make objections to any interrogatory on the grounds that the request is irrelevant, overly broad, vague, or burdensome, or any other objection under the Federal Rules of Civil Procedure.

2. Requests for Production of Documents

Each party shall be entitled to propound and serve upon the other party one set of Requests for the Production of Documents in a form consistent with Rule 34 of the Federal Rules of Civil Procedure and which shall be limited in number to twenty-five (25) requests (including subparts, which shall be counted separately). Parties reserve the right to make objections to any document request on the grounds that the request is irrelevant overly broad, vague, or burdensome, or any other objection under the Federal Rules of Civil Procedure.

3. Depositions

Each party shall be entitled to take the deposition of up to three (3) individuals in accordance with the procedures set forth in Rule 30 of the Federal Rules of Civil Procedure. In addition, each party shall be entitled to take the deposition of any expert witnesses designated by the other party.

4. Physical and Mental Examinations

Each party shall be entitled to obtain discovery consistent with Rule 35 of the Federal Rules of Civil Procedure.

5. Prehearing Submissions

At least thirty (30) days prior to the hearing, the parties are required to exchange lists of witnesses, including any expert witnesses, whom they intend to call as witnesses to testify at the hearing. In addition, the parties must exchange copies of all exhibits they intend to introduce as evidence at the hearing.

6. Discovery Applications

The arbitrator shall have the authority to modify these discovery rules if he or she believes that additional discovery is necessary for a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration. In addition, the arbitrator shall have the authority to

issue subpoenas for the appearance of witnesses or the production of documents pursuant to applicable law.

**H. Hearing Procedures**

1. Oaths

Before proceeding with the hearing, the arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by a duly qualified person and, if it is required by law or requested by any party, shall do so.

2. Stenographic Record

Either party may request a stenographic record of the hearing. The party requesting the record shall bear the cost of such a record. If both parties request a stenographic record, the cost shall be borne equally by the parties.

3. Arbitration in the Absence of a Party

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of the award.

4. Attendance at Hearing

The arbitrator shall have the power to require the exclusion of any witness, other than a party, authorized representative of a party, or other essential person, during the testimony of any other witness. In general, any person who has a direct interest in the arbitration is permitted to attend the arbitration hearing. The arbitrator shall determine whether any other person may attend the hearing.

5. Evidence

a. Rules of Evidence. The arbitrator shall be the judge of the relevance and materiality of the evidence offered and need not specifically follow the Federal Rules of Evidence, although these rules may be consulted to resolve questions regarding the admissibility of particular matters.
b. Evidence by Affidavit and Deposition. The arbitrator may receive and consider the evidence of witnesses by affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission. The use of depositions in lieu of live testimony at hearings shall be governed by Rule 32 of the Federal Rules of Civil Procedure.

6. Burden of Proof The party filing the Demand shall bear the burden of proving a Covered

Claim in accordance with law of the state in which events giving rise to the Covered Claim took place and/or any applicable federal law.

7. Closing of Hearing The arbitrator shall determine whether the parties have any further evidence to offer or witnesses to be heard. Upon receiving negative replies, or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

8. Reopening of Hearing The hearing may be reopened on the arbitrator's initiative, or upon application of a party, at any time before the award is made. The arbitrator may reopen the hearing and shall have fourteen (14) days from the closing of the reopened hearing within which to make an award.

9. Briefs Each party shall be entitled to file a pre-hearing and/or post-hearing brief with the arbitrator setting forth legal and factual arguments. The arbitrator shall have the authority to set deadlines for the filing of such briefs to avoid undue delay in the proceedings.

I. **Waiver of Rules and Procedures**

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these procedures has not been complied with and who fails to state objections thereto in writing shall be deemed to have waived the right to object.

Back To Top

**V. Arbitration Awards**

A. **Timing and Form of Award**

Following the parties' submissions of post-hearing briefs, if any, the arbitrator shall mail to the parties a written award specifying appropriate remedies, if any, including findings of fact and conclusions of law. All awards shall be executed in a manner required by law.

B. **Governing Law**

In rendering his or her decision, the arbitrator shall follow the rules of law of the state in which events giving rise to the Covered Claim took place, any applicable federal law and the rules stated in this Policy.

C. **Remedies and Damages**

The arbitrator shall have the authority to grant any remedy or relief (including attorneys' fees where authorized by statute) he or she deems just and equitable and which is authorized by and consistent with applicable law, including statutory limitations on damages. The arbitrator shall have no authority to award damages or penalties to any non-party to the arbitration. The arbitrator shall have the authority to award attorneys' fees to the defending party if the arbitrator finds the Demand was frivolous, meritless, or vexatious, or was not submitted in good faith.

D. **Final Judgment**

The award shall be final and binding upon all parties to the arbitration. Judicial review shall be in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA").

E. **Judicial Proceedings and Enforcement of Awards**

Neither the AAA nor any arbitrator in a proceeding under these procedures is a necessary party in judicial proceedings relating to the arbitration.

This Policy is governed by the terms of the FAA. Either party may bring an action in a court of competent jurisdiction to compel arbitration under this Policy, to enforce an arbitration award, or to vacate an arbitration award. In actions seeking to vacate an award, the standard of review to be applied to the arbitrator's findings of facts and conclusions of law will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

Back To Top

**VI. Arbitration Fees and Expenses**

A. **Filing Fee**

You will be responsible for a filing fee of $125 or the filing fee required by the state or federal court in which your Covered Claim could have been brought, whichever is less. The Company will pay the balance of any required filing fee.

B. **Arbitration Costs (other than attorneys fees and costs)**

In addition to the filing fee, other costs of arbitration include additional administrative fees charged by the AAA, stenographer fees, room rentals and arbitrator fees and travel expenses. The Company shall pay all of these additional arbitration costs except for the following:

- expenses of witnesses you call to the hearing, including but not limited to expert witnesses, and any fees or costs associated with calling or preparing any witnesses (e.g., subpoena fees, etc);
- stenographic transcript, in accordance with Section V.H.2 of this Policy;
- any AAA or arbitrator fees associated with your requests for adjournment of a hearing, and
- incidental costs such as photocopying.

However, if the arbitrator determines that either party's Demand was frivolous, meritless, or vexatious, or was not filed in good faith, the arbitrator may require the offending party to reimburse the other party for these expenses, limited to the amount that a court would be permitted to award under applicable law.

C. **Attorneys Fees and Costs**

The Company will pay an individual covered under the Policy a legal fee benefit of up to $2,000 for legal fees and costs incurred in arbitrating a Covered Claim pursuant to this Policy, as follows:

- The legal fee benefit will be $2,000 or the amount of legal fees and costs actually incurred by the individual in arbitrating a Covered Claim under this Policy, whichever is less;
- The legal fee benefit is a one-time benefit and no individual will be eligible for the benefit on more than one occasion, regardless of whether the amount of legal fees and costs paid by the Company is less than $2,000;
- Payment of legal fees will occur following the conclusion of the proceedings and upon submission of bills for costs of legal services.
- Individuals will be ineligible for the legal fee benefit if the arbitrator determines the individual's arbitration Demand was frivolous or vexatious.

D. **Service of Notice**

Any notice necessary or proper for the initiation or continuation of an arbitration under these procedures, for any related court action, or for the entry of judgment on an award made under these procedures may be served on a party by U.S. Mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held. The AAA, the arbitrator, and the parties may also use facsimile transmission, telegram, e-mail, or other written forms of electronic communication to give the notice required by these procedures, provided that such notice is confirmed by telephone or subsequent mailing to all affected parties.

E. **Interpretation and Application of Procedure**

The arbitrator shall interpret and apply these procedures insofar as they relate to the arbitrator's powers and duties. All other procedures shall be interpreted and applied by the AAA.

Back To Top

**VII. Amendment or Termination of Arbitration Policy**

American Express reserves the right to alter, amend, modify, or revoke this Policy with notice to employees, except that all Demands filed with the Company at the time such written notice issues shall be subject to the Policy then in effect. Any alteration, amendment, modification, or revocation to the Policy may be done only in writing, and approved by either the Executive Vice President of Human Resources or the Managing Counsel of the Employment Law Group. This Policy may also terminate by its own terms in accordance with Section II.D. Any other

alterations, amendments, modifications, or revocations to this Policy, whether written or oral, are invalid and unenforceable. No alteration, amendment, or modification or revocation shall apply to a Demand for Arbitration of which American Express had actual notice on the date of such action.

All arbitrations shall be conducted in accordance with the version of the Policy in effect on the date the Employment Law Group of the General Counsel's Office receives the Demand for Arbitration.

Back To Top

**VIII. Choice of Law and Severability**

This Policy shall be governed by and construed and enforced in accordance with the laws of the State of New York without regard to principles of conflicts of laws.

Except as otherwise provided in Section II.D.1. "Individual Claims Only" if any portion or provision of this Policy other than Section II.D.1. "Individual Claims Only" is held to be void or unenforceable, the remainder of this Policy will be enforceable and any part may be severed from the remainder, as appropriate.

Back To Top

This document does not create a contract of employment or a contract for any specific term or condition of employment between American Express and an employee. The relationship between American Express and an employee is at-will, meaning that either the employee or the company may terminate it at any time for any reason, with or without advance notice or progressive disciplinary action. The company reserves the right to make changes in or discontinue company policies, compensation plans, benefits and programs as it deems appropriate and these changes may be implemented even if they have not been communicated in this (or by change to this) document or otherwise. If this document refers to any company benefit program, it describes only certain highlights of the company's benefit program. It does not supersede the actual provisions of the applicable plan documents, which in all cases are the final authority. The applicable plan administrator has the sole authority and discretion in determining eligibility and in interpretation and administration of the plans. American Express takes reasonable efforts to ensure the accuracy of the contents of policy documents and in the administration of its policies and programs. The company does not assume responsibility for consequential damages caused by administrative or clerical errors.

Back To Top

# EXHIBIT B

AMERICAN EXPRESS

## NEW HIRE EMPLOYMENT ARBITRATION POLICY ACKNOWLEDGEMENT FORM

I acknowledge that I have received and been given the opportunity to review the American Express Company Employment Arbitration Policy (the "Policy"). I understand that arbitration is the final and exclusive forum for the resolution of all employment-related disputes between American Express and me that are based on a legal claim.

I further understand that the employment related disputes subject to arbitration under the Policy include any claims arising under any federal, state or local statute, regulation or common law doctrine regarding or relating to employment discrimination, terms and conditions of employment, or termination of employment (and any future additions, changes, or amendments to those laws), including but not limited to the following:

- Title VII of the Civil Rights Act of 1964
- The Employee Retirement Income Security Act of 1974, as amended
- The Civil Rights Act of 1991
- The Age Discrimination in Employment Act
- The Americans with Disabilities Act
- The Family and Medical Leave Act
- State human rights or anti-discrimination laws
- Breach of contract, promissory estoppel, or any other contract claims
- Whistleblower or retaliation claims
- Defamation, employee negligence, or any other tort claims
- Disputes related to certain Company employee benefit plans

I understand and agree that I shall have no right or authority for any claims to be arbitrated on a class action basis or on bases involving claims brought in a representative capacity on behalf of any other employees or other persons similarly situated; provided, however, that my individual claim would be subject to this arbitration provision. Claims brought by or against another employee, a Company employee benefit plan or the Company may not be joined or consolidated in the arbitration with claims brought by or against any other employee, Company employee benefit plan or the Company, unless otherwise agreed to in writing by all parties. Further, I agree that I will not have the right to participate in a representative capacity or as a member of any class of claimants in a court of law pertaining to any claims subject to arbitration.

I further understand and agree that American Express may amend or modify the Policy in the future with notice to me and that I will be bound by such modifications.

I agree to submit any and all employment related disputes based on a legal claim to arbitration, and agree to waive my right to trial before a judge or jury in federal or state court in favor of arbitration under the Policy.

Employee Signature [signature] Date July 21st, 2014

Employee Name Edward Washington Employee Number 6370752

Date of Hire July 21st, 2014 Work Location TRS

# EXHIBIT C

# AMERICAN EXPRESS COMPANY
# U.S. EMPLOYMENT ARBITRATION POLICY

**Functional Owner:** **General Counsel Organization – U.S. Employment Law Group**

**Effective Date:** **November 1, 2023**

**Next Review Date:** **November 1, 2025**

## I. INTRODUCTION

American Express Company and its subsidiaries (collectively, "American Express" or "Company") value strong and positive relationships with all employees. We understand, however, that employment-related disagreements will arise from time to time.

While the Company cannot eliminate entirely these types of disagreements, we can provide a process for resolving them quickly and fairly. Accordingly, we have adopted this Employment Arbitration Policy (the "Policy") to supplement our existing internal dispute resolution processes. Under this Policy, covered employment-related disputes that are not successfully resolved using the Company's internal resources must be submitted to binding arbitration in accordance with the following terms and conditions. Binding arbitration is a benefit to all involved because it generally enables a faster and less costly resolution than courtroom litigation.

This Policy does not alter the voluntary nature of your employment relationship with the Company and does not constitute and may not be construed as constituting a guarantee of employment for any definite period of time. In addition, this Policy does not supersede the actual provisions of any employee benefit plan documents, which are in all cases the final authority with respect to the subject matter described in those plans and which may be amended, changed or terminated at any time without prior notice to, or consent by, participants. This Policy does, however, set forth rules and procedures for arbitration that apply with full force and effect to both you and American Express.

## II. SCOPE

The agreement between each individual and American Express to be bound by the Policy creates a contract requiring both parties to resolve all employment-related disputes that are based on a legal claim through final and binding arbitration.

**Arbitration is the exclusive forum for the resolution of such disputes, and by agreeing to arbitrate under this Policy, the parties each acknowledge and agree that they are giving up their right to a trial of Covered Claims in court, or before a judge or jury, in favor of arbitration under the Policy.** A dispute otherwise covered by the Policy can proceed in a court of law only if both parties mutually agree. However, if either party seeks to arbitrate a dispute covered by the Policy, that dispute must be submitted to arbitration pursuant to this Policy.

This Policy is enforceable under and subject to the Federal Arbitration Act, 9 U.S.C. Sec 1 *et. seq.* (the "FAA"), as you and the Company understand and agree that the Company is engaged in transactions involving interstate commerce.

**A. Covered Parties**

All United States employees are covered under the Policy unless they were eligible to and in fact did exclude themselves by returning a properly completed Arbitration Opt-Out Form to the Company postmarked within the prescribed 45-day time period (only those employees who were employed by the Company prior to June 1, 2003 were eligible to opt out of the Policy). For those individuals who did not previously opt out, your employment and continued employment with the Company signifies your acceptance of and your agreement to arbitrate disputes pursuant to this Policy.

For those individuals covered by the Policy, the obligation to arbitrate pursuant to the Policy exists both during your employment and after your employment with the Company ends. The obligation to arbitrate under this Policy also extends to the Company and to certain American Express employee benefit plans (including retirement, health and/or welfare plans or arrangements) fiduciaries ("American Express Employee Benefit Plan Fiduciary").

**B. Covered Claims**

Except for Excluded Claims as defined in Section II.C below, and to the fullest extent permitted by law, Covered Claims subject to arbitration under this Policy include any and all claims or disputes that you have now or at any time in the future may have against American Express Company and/or any of its parents, subsidiaries, affiliates, predecessors, successors, assigns, current and former officers, directors, employees, and/or agents, or that the Company has now or at any time in the future may have against you, based on, arising out of, or in any way relating to your recruitment or application for employment, hiring, or your employment, compensation, benefits, and/or terms and conditions of employment with the Company or the termination of your employment from the Company. "Covered Claims"

include, but are not limited to:

1. discrimination or harassment on the basis of race, sex (including, but not limited to, pregnancy, sexual orientation and gender identity), religion, national origin, age, disability, citizenship status or any other characteristic protected by federal, state or local law; provided that claims for sexual harassment and/or sexual assault may be excluded from arbitration at the employee's election pursuant to Section II.C.4;

2. failure to pay wages, bonuses or other compensation;

3. tortious acts, including, but not limited to, defamation, negligent hiring or supervision, intentional or negligent infliction of emotional distress, breach of privacy, tortious interference, and fraudulent inducement;

4. claims for retaliation or for wrongful, retaliatory and/or constructive discharge;

5. breach of an express or implied contract, breach of a covenant of good faith and fair dealing, breach of fiduciary duty, promissory estoppel, unjust enrichment, and other quasi-contract and common law claims;

6. disputes for benefits or claims for damages or other remedies under certain Company employee benefit plans (including retirement, health and/or welfare plans or arrangements) after exhausting administrative remedies under the terms of such plans;

7. claims for alleged violations of any other common law, federal, state or local statute, ordinance, regulation or public policy, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, including the amendments of the Civil Rights Act of 1991, the Equal Pay Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Worker Adjustment and Retraining Notification Act, and the Employee Retirement Income Security Act of 1974; and

8. claims brought by individuals who applied for a U.S. position and were denied such position.

You have the right to challenge the validity of this Policy on any grounds

that may exist in law and equity, and American Express shall not discipline, discharge, or engage in any retaliatory actions against you in the event you choose to challenge the validity of this Policy. However, American Express reserves the right to attempt to enforce the terms and conditions of this Policy.

Either party to a dispute of a Covered Claim may make an application to a court for provisional remedies, including, but not limited to, temporary protective orders, preliminary injunctions and temporary restraining orders in aid of arbitration or for the maintenance of the status quo pending arbitration, if the award to which the party may be entitled may be rendered ineffectual without such relief. Any such application for provisional remedies must be brought on an individual basis and not on a consolidated basis or on behalf of or as part of a collective or class action (a class action involves an arbitration or lawsuit where representative members of a group who claim to share a common interest seek relief on behalf of the group); after the court issues a ruling concerning the emergency or temporary injunctive relief, the parties must submit the Covered Claim to arbitration pursuant to this Policy.

**C. Claims Not Covered**

Claims not subject to arbitration under this Policy ("Excluded Claims") are as follows:

1. any criminal complaint or proceeding;

2. any claim covered by state unemployment insurance, federal disability insurance and/or state workers' compensation benefit laws, except that claims for retaliation pursuant to these laws shall be subject to arbitration under this Policy;

3. any claim under the National Labor Relations Act, as amended ("NLRA"), that falls within the exclusive jurisdiction of the National Labor Relations Board;

4. any claim that is expressly precluded from inclusion in this Policy by applicable law; or which is excludable from arbitration at the employee's election and the employee so elects. Any issue concerning the arbitrability of sexual harassment and/or sexual assault claims shall be determined by the court, not the arbitrator; and

5. any dispute that fails to state a claim upon which relief may be granted under applicable law. An arbitrator or a court of law with

jurisdiction shall dismiss without a hearing on the merits any matter that does not state a claim under applicable federal, state or local law.

**D. CLASS ACTION, COLLECTIVE ACTION, AND REPRESENTATIVE ACTION WAIVERS – INDIVIDUAL CLAIMS ONLY**

1. **TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, PURSUANT TO THE POLICY, NO COVERED CLAIMS MAY BE INITIATED, MAINTAINED, HEARD OR DETERMINED ON A CLASS ACTION, COLLECTIVE ACTION, OR REPRESENTATIVE ACTION BASIS EITHER IN COURT OR IN ARBITRATION. YOU ARE NOT ENTITLED TO SERVE OR PARTICIPATE AS A CLASS ACTION MEMBER OR REPRESENTATIVE, COLLECTIVE ACTION MEMBER OR REPRESENTATIVE, OR REPRESENTATIVE ACTION MEMBER OR REPRESENTATIVE OR TO RECEIVE ANY RECOVERY FROM A CLASS ACTION, COLLECTIVE ACTION, OR REPRESENTATIVE ACTION INVOLVING COVERED CLAIMS EITHER IN COURT OR IN ARBITRATION. Furthermore, if you are included within any class action, collective action, or representative action in court or in arbitration involving a Covered Claim, you will take all steps necessary to opt-out of the action or refrain from opting in, as the case may be.**

2. All claims subject to arbitration under this Policy **MUST** be submitted on an individual basis. **THERE SHALL BE NO RIGHT OR AUTHORITY FOR ANY CLAIMS TO BE ARBITRATED ON A CLASS, COLLECTIVE OR REPRESENTATIVE BASIS.**

3. Any issue concerning the validity or enforceability of any of the class, collective and representative action waivers contained in this Policy must be governed by and determined under and in accordance with the FAA and shall be decided by a court of competent jurisdiction, and not by an arbitrator. Arbitrators do not have authority to consider or determine any issue concerning the validity or enforceability of any of these waivers.

   Any issue concerning the arbitrability of a particular claim or issue pursuant to this Policy (except for issues concerning the validity or

enforceability of the class action, collective action, or representative action waivers, and except as provided in Section II.C.4, above) must be resolved by the arbitrator, not the court. To the extent any Covered Claims are not eligible for arbitration or otherwise are excluded from or not subject to arbitration, for any reason, the class action, collective action, and representative action waivers set forth in this Policy remain valid and enforceable with respect to such Covered Claims.

No arbitration award or decision will have any preclusive effect as to any issues or claims in any other arbitration or court proceeding unless each of the parties in such proceeding was also a named party in the arbitration.

If for any reason any of the class action, collective action and representative action waivers are determined to be invalid, unenforceable or void with respect to a particular claim, that claim and only that claim shall be heard in a court of competent jurisdiction (and such court shall be the exclusive forum for such claim), may not be arbitrated under this Policy, and will be stayed pending the outcome of all remaining claims that are subject to arbitration; the class action, collective action and representative action waivers shall remain effective and enforceable with respect to all other Covered Claims. If a court of competent jurisdiction determines that a particular provision of this Policy is invalid, unenforceable or void under the applicable law in a particular jurisdiction, such provision will not be enforced in that jurisdiction but shall remain effective and enforceable in all other jurisdictions. An arbitrator appointed under this Policy shall not conduct a class, collective or representative action arbitration under any circumstances whatsoever.

4. Notwithstanding the unavailability of class or collective arbitration under this Policy, nothing herein is intended to limit your rights under Section 7 of the National Labor Relations Act and you will not experience any retaliation for exercising such rights.

**E. Administrative Agencies and Exhaustion of Remedies**

Nothing in this Policy relieves an individual or the Company from any obligation they may have to exhaust certain administrative remedies, which may be required under applicable law or pursuant to an American Express employee benefit plan document, before arbitrating any claims or disputes under this Policy. For example, a party may not initiate the arbitration

process unless it has exhausted all required administrative remedies, such as obtaining a right to sue notice from the Equal Employment Opportunity Commission (EEOC) in order to arbitrate federal discrimination claims that require such a notice. In addition, under certain Company employee benefit plans (including retirement, health and/or welfare plans or arrangements), a party must, prior to initiating an arbitration proceeding, follow all claims and appeals procedures set forth in the applicable plan document.

This Policy does not prohibit you from filing a complaint, claim or charge or communicating or cooperating with, providing information to, or participating in an investigation by the National Labor Relations Board, the Equal Employment Opportunity Commission, or the Occupational Safety and Health Commission, or any other federal, state, or local administrative agency, or from filing a workers' compensation, state or federal disability insurance, or unemployment compensation claim in a statutorily-specified forum. By responding to administrative agencies, American Express does not waive its right to enforce this Policy.

## III. ARBITRATION PROCEDURES

The parties will use the American Arbitration Association (AAA), subject to the AAA Employment Arbitration Rules and Mediation Procedures (available online at www.adr.org or as a paper copy upon request to the Company), unless those rules and/or procedures conflict with any express terms of this Policy, in which case this Policy is controlling.

No arbitration under this Policy shall be subject to the AAA Class Action Procedures.

The arbitration will be heard by a single arbitrator at a location within 50 miles of where you worked for the Company at the time the claim arose, unless both parties agree otherwise.

Any party shall have the right to file a motion to dismiss and/or a motion for summary judgment which the arbitrator shall have the authority and obligation to decide by application of the Federal Rules of Civil Procedure governing such motions.

The arbitrator shall have the authority to order such discovery by way of deposition, interrogatory, document production or otherwise as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

The arbitrator is authorized to award any party the full remedies that would be available to such party if the Covered Claim had been filed in court, including

attorneys' fees and costs. Thus, for example, you shall be entitled to recover attorneys' fees and costs in any arbitration in which you assert and prevail on any statutory claims to the same extent as you could in court.

The arbitrator shall issue a final and binding written award, subject to review on the grounds set forth in the FAA. The award shall have no preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

## IV. ARBITRATION FEES AND COSTS

In the event you file a claim under this Policy, you must pay a filing fee of $125 or the filing fee required by the federal court in which your Covered Claim could have been brought, whichever is less, provided, however, that you may make a hardship request for a waiver or deferral of the filing fee in accordance with the AAA Rules governing such hardship requests. The Company will pay any amount of the AAA filing fee in excess of your payment.

The Company will pay any other AAA administrative fees, the arbitrator's fees, forum fees, and other administrative fees and costs of the arbitration forum.

The Company will pay an individual covered under the Policy a legal fee benefit of up to $2,000 for legal fees and costs incurred in arbitrating a Covered Claim pursuant to this Policy, as follows:

- The legal fee benefit will be $2,000 or the amount of legal fees and costs actually incurred by the individual in arbitrating a Covered Claim under this Policy, whichever is less;
- The legal fee benefit is a one-time benefit and no individual will be eligible for the benefit on more than one occasion, regardless of whether the amount of legal fees and costs paid by the Company is less than $2,000;
- Payment of legal fees will occur following the conclusion of the proceedings and upon submission of bills for costs of legal services; and
- Individuals will be ineligible for the legal fee benefit if the arbitrator determines the individual's arbitration claim or demand was frivolous, meritless, or vexatious, or was not filed in good faith.

## V. OTHER PROVISIONS

**A.** Consideration: The parties agree that there is good and valuable consideration for their agreement to arbitrate pursuant to the Policy, including, but not limited to, your continued employment with the

Company, the mutuality of the obligation to arbitrate Covered Claims pursuant to the Policy and the legal fee benefit described above.

**B.** Time Limitation for Commencing Arbitration: The same statute of limitations (the maximum time that parties have to initiate legal proceedings from the date a claim arises) that would have applied had the Covered Claim been filed in court will apply to any Covered Claim. Arbitration is to be commenced consistent with the AAA arbitration rules and procedures.

**C.** Policy Survives Termination and Supersedes Prior Policy: This Policy and the agreement to arbitrate will survive the termination of your employment with the Company. This Policy supersedes any prior American Express Company Employment Arbitration Policy.

**D.** Construction, Severability, and Modification:

1. Except at stated below, if any part or provision of this Policy is found to be void, voidable, or otherwise unenforceable, that part or provision shall be severed and such a finding will not affect the validity of the remainder of the Agreement, and all other parts and provisions shall remain in full force and effect.

2. If any portion of the class action, collective action, or representative action waiver is found to be void, voidable, or otherwise unenforceable, then the portion of the waiver found void or unenforceable shall be severed from this Policy, and all other parts and provisions shall remain in full force and effect. In such a case, the claims found to be able to proceed on a class action, collective action, or representative action basis shall proceed in court (but stayed pending completion of the arbitration) and not in arbitration.

3. This Policy is governed by the FAA as the Company's business and your employment with the Company affect interstate commerce.

4. The Company shall have the right to amend this Policy at any time at its sole and absolute discretion provided you are given written notice of any such amendment.

## VI. CONTACTS

For any questions related to this policy, please contact the Colleague Service Center @ 855-783-4772.